Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Quigley;<br><br>　　　　Plaintiff,<br><br>v.<br><br>DSS Financial Group, LLC;<br><br>　　　　Defendant. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

### II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

1   practices by debt collectors, to insure that those debt collectors who
2   refrain from using abusive debt collection practices are not
3   competitively disadvantaged, and to promote consistent state action to
4   protect consumers against debt collection abuses. FDCPA § 1692.

5   3. The FDCPA is designed to protect consumers who have been
6   victimized by unscrupulous debt collectors regardless of whether a
7   valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th
8   Cir. 1982).

9   4. The FDCPA defines a "consumer" as any natural person obligated or
10   allegedly obligated to pay any debt.  FDCPA § 1692a(3).

11   5. The FDCPA defines "debt" as any obligation or alleged obligation of a
12   consumer to pay money arising out of a transaction in which the
13   money, property, insurance, or services which are the subject or the
14   transaction are primarily for personal, family, or household purposes.
15   FDCPA § 1692a(5).

16   6. The FDCPA defines "debt collector' as  any person who uses any
17   instrumentality of interstate commerce or the mails in any business
18   the principal purpose of which is the collection  of any debts, or who
19   regularly collects or attempts to collect, directly or indirectly, debts
20   owed or due or asserted to be owed or due to another.  FDCPA §
21   1692a(6).

22   7. Any debt collector who fails to comply with the provisions of the
23   FDCPA is liable for any actual damage sustained; statutory damages
24   up to $1,000; attorney's fees as determined by the Court and costs of
25   the action. FDCPA § 1692k.

III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

IV. PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant DSS Financial Group, L.L.C. ("DSS") is an Arizona limited liability company with its primary place of business located at 80 E. Columbus, Phoenix, Arizona 85012.

12. DSS collects or attempts to collect debts it has purchased after default.

13. DSS is a "debt collector" as that term is defined by FDCPA § 1692a(6).

V. FACTUAL ALLEGATIONS

14. On or about February 16, 2009, DSS mailed or caused to be mailed a letter to Plaintiff concerning an alleged debt it claimed to have acquired from WaMu Credit Card. (A copy of this letter is attached hereto as Exhibit A).

15. Upon information and belief, DSS did not acquire the alleged debt from WaMu Credit Card, as it claims in Exhibit A.

16. Upon information and belief, the alleged debt DSS was attempting to collect was incurred for personal, family and household purposes.

17. Exhibit A was the first written communication DSS sent to Plaintiff concerning the WaMu debt.

1  18.  DSS stated in Exhibit A that "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt if valid."

19.  Contrary to the notice provided in Exhibit A, Section 1692g(a)(3) does not require that the consumer dispute the debt in writing.

20.  In Exhibit A, DSS states that "Your account balance as of the date of this notice is $2233.60."

21.  DSS failed to state in its initial written communication to Plaintiff that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.

22.  DSS also failed to notify Plaintiff in its initial written communication of his right to obtain an up to date amount of the debt allegedly due.

23.  The case of <u>Miller v. McCalla et al.</u>, 214 F.3d 872 (7th Cir. 2000), sets forth "the debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." Id. at 876.

24.  DSS failed to comply with that duty.

25.  DSS failed to state in its initial written communication to Plaintiff the correct "amount of the debt" allegedly owed as required by FDCPA § 1692g(a)(1).

26.  On or about February 25, 2009, Plaintiff mailed DSS a letter disputing the debt and requesting verification.

27.  Without first providing verification of the debt as requested by Plaintiff in his letter of February 25, 2009, on March 18, 2009, DSS mailed Plaintiff a second letter concerning the WaMu account. (A copy

- 4 -

1     of this letter is attached hereto as Exhibit B).

2  28. Without first providing verification of the debt as requested by
3     Plaintiff in his letter of February 25, 2009, DSS filed suit in the
4     Arrowhead Justice Court in an attempt to collect the debt. (A copy of
5     the Complaint with attachments is attached hereto as Exhibit C).

6  29. In the suit, DSS alleged that it had been assigned a debt owed by
7     Plaintiff from CreditMax Recoveries, LLC.

8  30. In paragraph II of Exhibit C, DSS alleged that Plaintiff was indebted
9     to DSS in the total amount of $2,344.38, which represents $2,052.53
10    principal and $291.85 in interest.

11 31. On or about November 23, 2009, DSS mailed or caused to be mailed a
12    third letter to Plaintiff concerning the WaMu debt. (A copy of this
13    letter is attached hereto as Exhibit D).

14 32. In Exhibit D, DSS alleged that the account balance as of November 23,
15    2009 was $2,471.06.

16 33. At all relevant times herein, DSS was adding interest on the alleged
17    debt it was attempting to collect from Plaintiff.

18 34. DSS's actions set forth herein were intentional, willful, and in gross or
19    reckless disregard of Plaintiff's rights and part of its persistent and
20    routine practice of debt collection.

21 35. In the alternative, Defendant's actions were negligent.

22                    VI.  Causes of Action
23                a.  Fair Debt Collection Practices Act

24 36. Plaintiff repeats, realleges, and incorporates by reference the foregoing
25    paragraphs.

37. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(10), and 1692g.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED  February 15, 2010  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff